# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DAVID WEATHERSPOON,                                                                PLAINTIFF

V.                                                                        NO. 4:08CV003-P-D

JOHN D. FERGUSON, et al.,                                                         DEFENDANTS

## OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds Plaintiff's claim does not form a basis for relief and dismissal of his complaint is appropriate.

Plaintiff, an inmate at the Delta Correctional Facility, complains that Defendants have tampered with is legal mail. Specifically, Plaintiff avers that he had legal mail returned to him because he failed to process the mail in accordance with prison regulations. MDOC regulations require all legal mail to be processed through the Inmate Legal Assistance Program's office or, in this case, the law library. Plaintiff refused to comply with the procedure and his mail was not processed. His claim is based on his "interpretation" of the constitutional requirements regarding legal mail, rather than a demonstrative injury.

Prisoner's have a constitutional right of adequate and meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-355, 116 S.Ct. 2174, 2179-81,135 L.Ed.2d 606 (1996); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). When prison officials cause a delay in sending an inmate's legal mail, constitutional concerns may arise. *Houston v. Lack*, 487 U.S. 266, 270-76, 108 S.Ct. 2379, 2382-85, 101 L.Ed.2d 245 (1988). In order to establish a claim for denial of access to the courts based on mail tampering, a plaintiff must demonstrate he suffered some prejudice as a result of the interference. *Lewis*, 518 U.S. at 350-355.

Here, Plaintiff does not allege that his legal mail was confiscated or that it was censored. More importantly, Plaintiff does not contend that he missed a court imposed deadline or was legally prejudice by the delay. *Ruiz v. United States*, 160 F.3d 273 (5th Cir. 1998). Rather, he states that the mail was returned to him because it was not properly processed through the law library. Plaintiff's claim is insufficient to state a cause of action under § 1983. Plaintiff's violation of a prison regulation that provides specific instructions for processing an inmate's legal mail does not implicate constitutional concerns. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Given the absence of actual prejudice, Plaintiff has failed to demonstrate a constitutional violation of his right to access the courts. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). His complaint, therefore, must be dismissed.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Weatherspoon is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 11th day of February, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE