IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DAVID WEATHERSPOON                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO.4:08CV3-WAP-JAD

JOHN D. FERGUSON, ET AL.                                                            DEFENDANTS

## REPORT AND RECOMMENDATION

The plaintiff filed suit on January 8, 2008 against Christopher Epps and other defendants. He complained that he was not allowed to mail out what he identified as legal mail through the general mail system. He attempted to deliver the mail already sealed with postage. The mail was returned to him unopened. Weatherspoon contends that as long as he tenders the mail sealed and with postage that he has a constitutional right to mail it out based on mail tampering statutes.

Construing the claim as one for interference with access to the courts, this court dismissed the claim for failing to state a claim. On appeal the Fifth Circuit Court of Appeals affirmed this court's holding that the complaint failed to state a claim for denial of access to the courts, but remanded the complaint on the claim "that the defendants' actions interfered with his right to be free from illegal search and seizure." This was based upon the claim in the complaint alleging a violation of his "right to be free in my papers and person from illegal search and seizure."

The defendants have now filed separate motions for summary judgment. Christopher Epps has moved for summary judgment asserting among other things that Weatherspoon is attempting to hold him vicariously liable for purported violations in which he was not personally involved. Epps asserts that he cannot be vicariously liable for the acts or omissions of any of the remaining defendants. *Oliver v. Scott*, 276 F.3d. 736, 742 (5th Cir. 2002). The only

1

involvement and allegations specific to Epps personally arise out of his involvement in the handling of Weatherspoon's ARP. However, this claim challenges the right of MDOC to issue any mail regulations and restrictions. As such Epps appears to be as appropriate a defendant as the other defendants included in this suit.

The remaining defendants John Ferguson, Raymond Byrd, and Kimberly Kent Rokasky are, or have been employed as, Corrections Corporation of America. Byrd and Rokasky worked at Delta Correctional Facility. They assert that as a prisoner, such as Weatherspoon, has no clearly recognized constitutional right to privacy in his outgoing mail and further that he has failed to allege any actual search or seizure of his mail.[1] Weatherspoon's complaint makes no factual allegations against John Ferguson who is presumably added only because of his role as president of Corrections Corporation of America, the corporation which runs the Delta Correctional Facility pursuant to contract with the state of Mississippi. Raymond Byrd is or was the warden at DCF. Weatherspoon asserts that he complained to Byrd about Rokasky's refusal to mail his stamped, sealed 'legal' mail. Byrd reportedly showed Weatherspoon MDOC policy on the handling of the mail and confirmed that Rokasky was correct. His only involvement in the case is in connection with Weatherspoon's ARP. Weatherspoon complains that he did not overrule Rokasky. Rokasky is a mail room clerk for DCF. Weatherspoon's factual allegation in the complaint against Rokasky is that she "refused to mail my mail out because she received it sealed up." Weatherspoon asserts in his complaint that once he has placed the appropriate postage and sealed the envelope that refusal to mail the letter or opening the letter amounts to tampering with the mail.

---

[1] Weatherspoon has not shown that there was any search conducted. This report and recommendation assumes but does not decide that the act of retrieving and returning the envelope to Weatherspoon constitutes a seizure.

> Mississippi Department of Corrections regulations provide:
>
> All legal or official mail from offender will be mailed through the ILAP office. Legal or official mail will be placed in an envelope and sealed in the presence of the verifying ILAP staff member before mailing. Any mail marked as legal mail that does not bear an ILAP stamp will be returned to the offender to comply with MDOC policy and procedure. SOP Number 31-01-01, lines 340, et seq.

Acting pursuant to this regulation Rokasky returned Weatherspoon's letter to him because it had not been mailed in accordance with regulation. Weatherspoon's mail was not confiscated, censored, or opened by any DCF official.

Weatherspoon's position in this lawsuit is in essence a claim that as long as he provides the postage that the Mississippi Department of Corrections and its private contractors have no authority to regulate or inspect his mail and may only open his mail based upon a search warrant or court order. This position is legally frivolous. Weatherspoon is a convict, not a free world citizen. As such his constitutional rights are curtailed to the extent inconsistent with his status as an inmate. Mail regulations, as to both general mail and privileged legal correspondence, are necessary as a matter of security and institutional order. This court has expressly approved earlier versions of MDOC mail regulations which allow for an interference with inmate's mail and correspondence that would not be permissible in a free world environment. *Gates v. Collier* 390 F. Supp. 482 (N. D. Miss. 1975)(Among other things these regulations allowed for the inspection of incoming legal mail for contraband in the presence of the inmate."). Even regulations that "impinge upon a prisoner's rights with respect to mail" are constitutionally permissible, so long as "the practice is reasonably related to a legitimate penological interest." *Brewer v. Wilkinson* 3 F.3d 816 (5th Cir. 1993). Because legal mail is subject to a lesser level of scrutiny, the obvious need to have legal mail processed through ILAP is to assure that is in fact legal and not general mail.

Cases addressing inmate rights with regard to mail have addressed those rights within the context of the right to access to courts and under the Free Speech Clause of the First Amendment. This court, as already affirmed by the Fifth Circuit Court of Appeals, has already determined that Weatherspoon has no claim arising under his right to access to the courts. He has not claimed interference with any First Amendment right. While claiming protection under the Fourth amendment appears to be novel, Weatherspoon's claim is not supportable under that amendment. As an inmate the Fourth Amendment protections are virtually inapplicable to Weatherspoon. The right to be free from "unreasonable search and seizure is grounded in, and based upon, a 'reasonable expectation of privacy.' "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional and internal order." *Hudson v. Palmer* 468 U.S. 517, 527-28, 104 S. Ct. 3194, 3200, 82 L.Ed. 2d 393 (1994).

> "[S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in individual cells cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id.* at 525-526, 104 S. Ct. at 3200.

The regulations here challenged are in fact valid regardless of what constitutional right Weatherspoon quotes. "Loss of freedom of choice and privacy are inherent incidents of confinement." *Bell v. Wolfish,* 441 U.S. 520,530, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979). Weatherspoon failed to abide by the regulations. The defendants did not search his mail but returned it to him in order that he might comply with the state's valid and necessary regulations.

4

The undersigned recommends that the defendants' motions for summary judgment be granted and this action dismissed with prejudice. The undersigned further recommends that this case be counted as a strike against the defendant.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 14th day of October, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE